CINCINNATI TRAC. CO. v. JOHN L. RENNER.

**Verdict for Plaintiff Reversed for Carelessness in Driving upon Street Railway Track.**

> Since the evidence indicates that the plaintiff below either saw before driving upon the track the car by which he was struck approaching and very near, or he heedlessly drove upon the track without looking, support is not found for a verdict in his favor in either aspect of the case.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Paxton, Warrington & Seasongood,* for plaintiff in error.
*A. C. Fricke* and *Thos. L. Michie,* for defendant in error.

Traction Co. v. Renner.

**GIFFEN, P. J.**

The plaintiff, John L. Renner, was driving a team of mules hitched to a platform wagon out of Jane street into Sixth street, in the city of Cincinnati, and while attempting to cross over to the south side of Sixth street his wagon was struck near the front wheel by a west bound car of the defendant company, whereby he was injured.

He himself testifies that when the mules were within two feet of the west bound track he looked in the direction whence the car came, and, although he had a clear view of two or three hundred feet, he saw no car; that he attempted to cross and when his mules reached the east bound track he heard the car, which was then about five feet from him.

If he looked for the first time when he says he did he must have seen the car, for it is incredible that the car traveled 200 feet while his team was walking twelve or fifteen feet, unless the car was running at the rate of fifty or sixty miles an hour, which is not shown by any evidence. His inattention, recklessness, or incredibility appears from his statement that he did not discover the car until within five feet of him. If he looked to the front all the time, as one of his own witnesses testified, he could, without turning his head, have seen the approaching car, not only five feet away, but twenty-five feet and possibly fifty feet. While there is no absolute rule of law which required him to look in both directions for an approaching car, yet he could not close his eyes to his surroundings and be held blameless for an accident resulting therefrom. He either saw the car approaching before entering upon the track and assumed a risk that an ordinarily prudent person would not assume, or heedlessly attempted to cross without any effort to ascertain whether a car was coming. The other testimony fixes the distance between the car and the wagon when plaintiff attempted to cross at twenty-five to one hundred feet. The jury must have adopted the testimony of the plaintiff that there was no car in sight when he started over the track; but this statement is not supported by any other evidence, and is wholly incredible.

The special charge requested by the defendant, and refused

by the court, assumes that the failure to look when about to cross a street railway is negligence *per se;* but the rule of law applicable to steam railroad crossings does not govern at street railroad crossings. *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276].

There was no error in refusing such instruction. That part of the definition of preponderance of evidence quoted in the brief of counsel for the plaintiff in error is faulty, but cured by the next paragraph.

The other alleged errors are not likely to occur in a subsequent trial, and it is unnecessary to here consider them further than to say that we deem them harmless.

The judgment will be reversed, because not sustained by sufficient evidence, and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.